NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

PRUDEN PRODUCTS COMPANY,
Respondent.

No. 17687.

United States Court of Appeals,
Seventh Circuit.

Feb. 12, 1970.

Marcel Mallet-Prevost, Asst. General Counsel, Douglas L. Leslie, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Paul J. Spielberg, RobertaMarie Kiley, Attys., N.L. R.B., Washington, D. C., for petitioner.

Myron E. Ropella, Milwaukee, Wis., Ropella & Parent, Milwaukee, Wis., for respondent, Pruden Products Co.

Before HASTINGS, Senior Circuit Judge, CUMMINGS and KERNER, Circuit Judges.

PER CURIAM.

This matter is before us on application of the National Labor Relations Board pursuant to Section 10(e) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 151 et seq., § 160(e), for enforcement of its Order dated March 14, 1969, and reported at 170 NLRB No. 32.

By such Order, the Board directed respondent Pruden Products Company (Company) to cease and desist from threatening its employees that they "would be sorry" if they chose a union to represent them and from discouraging membership in the Pruden Products Shop Committee (found by the Board to

be a labor organization within the meaning of the Act). Affirmatively, the Board ordered the Company to offer reinstatement to a former employee, Tracy Johnson, allegedly discharged because he, as chairman of the Shop Committee, vigorously pressed a grievance about the Company's lack of a seniority policy. The Company was also directed to post the usual notices.

Briefly, the record reveals that employee Johnson had been pressing Company management to do something about a seniority system in the Company plant. He was repeatedly put off with promises that the Company would look into the issue and propose something. At one point he said he would bring in a union and was told by Assistant Plant Superintendent Robert Levin that the employees would be sorry if they chose a union. The issue was brought to a head in August, 1967, when Johnson and Levin had a heated discussion concerning the impending out-of-seniority layoff of another employee. The circumstances and varying accounts of this discussion are accurately and fully set out in the examiner's report as adopted by the Board and are incorporated here by reference.

Following this discussion, Levin and Johnson went to the office of a Company vice president. Levin told the vice president that Johnson had been insubordinate and disrespectful. The vice president told Johnson that he would be given a written reprimand for leaving his department without permission to talk to Levin. Johnson returned to work. Later in the morning, Levin called him in and discharged him for insubordination and swearing at him.

The only question presented for our review is whether substantial evidence on the record as a whole supports the Board's conclusions that the Company violated Section 8(a) (1) of the Act by threatening its employees that they would be sorry if they selected a union and that the Company violated Section 8(a) (3) and (1) of the Act by discharging Johnson because he pressed the seniority grievance. Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

On consideration of the briefs and oral argument of the parties and the record before us on this review, we find and hold that the Board's conclusions are supported by substantial evidence on the record as a whole.

We are in agreement with and adopt the decision and order of the Board reported at 170 NLRB No. 32, and on this authority we grant the Board's petition for enforcement.

Enforcement granted.